IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DELGADO-RODRIGUEZ,<br><br>**Plaintiff**<br><br>v.<br><br>BCBG MAX AZRIA GROUP, INC.,<br><br>**Defendant.** | **CIVIL NO.** 12-1085 (JAG) |

**MEMORANDUM & ORDER**

GARCIA-GREGORY, D.J.

On February 8, 2012, BCBG Max Azria Group Inc. ("Defendant") removed this case from state court. (Docket No. 1). Now before the Court is Virginia Delgado's ("Plaintiff") Motion to Remand this case to the state court. (Docket No. 14).

The federal diversity jurisdiction statute establishes that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

Plaintiff moves for remand alleging that Defendant is a corporation fully incorporated in the Department of State of Puerto Rico and thus, a citizen of Puerto Rico. Plaintiff attaches the Defendant's Corporate Data registered in the Department of State to prove the same. (See Docket No. 12-1).

However, as Defendant notes, that exhibit only reflects the fact that Defendant's home state is California and that it is a foreign, as opposed to domestic, corporation. Thus, the exhibit is not evidence of Defendant' incorporation in Puerto Rico, but of the fact that Defendant is a foreign corporation authorized to do business in the island.

Furthermore, the Supreme Court has recently established that the principal place of business is the corporation's "nerve center" or more specifically, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." See Hertz Corp. v. Friend, 130 St. Ct, 1181, 1192 (2010). The Court finds that Defendant has provided sufficient documentation that showing that the central headquarters of the corporation is found in the state of California. Although it has been doing business in Puerto Rico for more than 10 years, it is clear that their place of incorporation and "nerve center" is found in California. Thus, there being citizenship diversity, removal is proper.

## Conclusion

In view of the foregoing, Plaintiff's Motion to Remand, (Docket No. 14), is hereby **DENIED**.

**IT IS SO ORDERED.**

Civ. No. 12-1085                                                              3

In San Juan, Puerto Rico, this 10th day of December, 2012.

                                                           <u>S/ Jay A. Garcia-Gregory</u>
                                                           JAY A. GARCIA-GREGORY
                                                           United States District Judge